■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH A. GAITO, Appellant. [813 NYS2d 273]—

Carpinello, J. Appeal from an order of the County Court of Rensselaer County (McGrath, J.), entered December 6, 2005, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

In 1989, defendant was convicted for use of a child in a sexual performance (eight counts) and sodomy in the second degree stemming from his sexual encounters with two underage females. In 1997, he was determined to be a risk level III sex offender but thereafter requested a redetermination hearing pursuant to *Doe v Pataki* (3 F Supp 2d 456 [1998]). Following that hearing, defendant was again classified as a risk level III sex offender. He now appeals.

We reject defendant's contention that County Court errone-

ously classified him. The case summary, which constituted clear and convincing evidence of the risk level assessment (*see People v Dickison*, 24 AD3d 980 [2005]; *People v Arotin*, 19 AD3d 845, 847 [2005]; *People v Dorato*, 291 AD2d 580, 581 [2002]), supports County Court's determination that defendant effectuated a relationship with his underage victims for the purpose of subjecting them to sexual abuse, had a history of drug and alcohol abuse as specifically underscored by his passing out from drinking during an incident with the victims and had a prior felony conviction for malicious mischief. Accordingly, we cannot say that County Court erred in assessing points under the categories of relationship with the victim, drug/alcohol abuse and nonviolent felony history.

Cardona, P.J., Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.