■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT GALLIGAN, Appellant. [836 NYS2d 880]—Appeal by the defendant from an order of the Supreme Court, Suffolk County (Mullen, J.), dated February 23, 2005, which, after a hearing to redetermine the defendant's sex offender risk level pursuant to the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]), designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court did not incorrectly calculate the total points assessed on his risk assessment instrument (hereinafter RAI). Further, the court did not improvidently exercise its discretion in assessing him 15 points for a history of drug and alcohol abuse (*see* Board of

Examiners of Sex Offenders, Sex Offender Registration Act, Risk Assessment Guidelines & Commentary, at 15 [2006 ed]; *People v Perser*, 29 AD3d 767 [2006]; *People v Masters*, 19 AD3d 387 [2005]). Finally, the defendant failed to demonstrate by clear and convincing evidence that there existed mitigating factors of a kind or to a degree not otherwise adequately taken into account by the guidelines that warranted a discretionary downward departure from his presumptive level three sex offender status to a level two sex offender status. Ritter, J.P., Goldstein, Fisher and Balkin, JJ., concur.