■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE TAYLOR, Appellant. [850 NYS2d 195]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Marrero, J.), dated March 7, 2006, which, after a hearing to redetermine the defendant's sex offender risk level pursuant to the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]), designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

On July 27, 1984 the eight-year-old victim was on her way home from a store when the defendant abducted her from the elevator of her Brooklyn apartment building. The defendant covered her mouth, grabbed her neck, dragged her to the roof of the building, and raped her. The defendant then threw the victim off the roof. The victim landed on the ground five stories below and suffered multiple broken bones. As a result of her injuries, the victim was hospitalized for three months. For these crimes, the defendant was charged with rape in the first degree, attempted murder in the second degree, assault in the first degree (two counts), and sexual abuse in the first degree. The defendant pleaded guilty to rape in the first degree, and was sentenced to an indeterminate term of 6 to 18 years' imprisonment. Following a hearing on September 9, 1999 the defendant was adjudicated a level three sex offender. On February 2, 2006 and March 7, 2006 a hearing was held pursuant to the stipulation of settlement reached in *Doe v Pataki* (3 F Supp 2d 456 [1998]), and the Supreme Court determined that the defendant was a level three sex offender.

A court, in the exercise of its discretion, may depart from the presumptive risk level determined by the risk assessment instrument based upon the facts in the record (*see People v Inghilleri,* 21 AD3d 404, 405 [2005]; *People v Girup,* 9 AD3d

913 [2004]; *People v Guaman,* 8 AD3d 545 [2004]). However, "utilization of the risk assessment instrument will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Guaman,* 8 AD3d at 545, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]). "A departure from the presumptive risk level is warranted where 'there exists an aggravating or mitigating factor of a kind or to a degree not otherwise taken into account by the guidelines' " (*People v Inghilleri,* 21 AD3d at 406, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]; *see People v Mount,* 17 AD3d 714, 715 [2005]; *People v Girup,* 9 AD3d 913 [2004]; *People v Guaman,* 8 AD3d 545 [2004]).

Here, the Supreme Court properly determined that there was clear and convincing evidence to support the presumptive level three sex offender designation (*see People v McLaughlin,* 40 AD3d 832 [2007]) and providently exercised its discretion in denying the defendant's request for a downward departure, as the defendant failed to present clear and convincing evidence of special circumstances warranting such a departure (*see People v Adams,* 44 AD3d 1020 [2007], *lv denied* 9 NY3d 818 [2008]).

Furthermore, the Supreme Court properly considered the clear and convincing evidence that the defendant threw the eight-year-old victim off the roof of the building, causing her to fall five stories and suffer numerous broken bones, when it invoked the presumptive override for inflicting serious physical injury (*see* Correction Law § 168-n [3]; *People v Brown,* 302 AD2d 919, 920 [2003]) and determined that the defendant was a level three sex offender. Mastro, J.P., Santucci, Balkin and Dickerson, JJ., concur.