■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BANKS, Appellant. [852 NYS2d 297]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Marrero, J.), dated March 7, 2006, which, after a hearing to redetermine the defendant's sex offender risk level pursuant to the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]), designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The risk assessment instrument prepared in connection with the defendant's redetermination hearing assessed him a total of 130 points, and no departure was recommended. Following the hearing, the Supreme Court accepted the point assessments, refused the defendant's request for a downward departure, and designated the defendant a level three sex offender.

The Supreme Court failed to set forth the findings of fact and conclusions of law upon which its determination was based, as mandated by Correction Law § 168-n (3). However, remittal is not required because the record in this case is sufficient for this Court to make its own findings of fact and conclusions of law (*see People v Penson,* 38 AD3d 866, 867 [2007]; *People v Forney,* 28 AD3d 446 [2006]; *cf. People v Villane,* 17 AD3d 336, 337 [2005]).

We agree with the defendant that at the redetermination hearing, the People did not present clear and convincing evidence to support a 15-point assessment for risk factor 12 (acceptance of responsibility) of the risk assessment instrument. However, the defendant's challenges to the 30- and 15-point assessments for risk factors 1 and 11 (armed with a dangerous instrument, and history of drug or alcohol abuse, respectively) are without merit. The People presented clear and convincing evidence supporting those assessments based upon the case summary, risk assessment instrument, and the grand jury minutes (*see People v Yarborough,* 43 AD3d 1129, 1130 [2007], *lv denied* 9 NY3d 816 [2007]; *People v Perser,* 29 AD3d 767 [2006]; *People v Gaito,* 28 AD3d 1018, 1019 [2006]).

Subtracting the 15 points erroneously assessed for risk factor 12 from the defendant's 130-point total assessment leaves him with a point total of 115 points. He thus remains, presumptively, a level three offender. Since the defendant failed to present clear and convincing evidence that there existed mitigating factors of a kind or to a degree not otherwise adequately taken into account by the guidelines that warranted a discretionary downward departure (*see People v Galligan,* 41 AD3d 683, 684 [2007]; *People v Martinez,* 39 AD3d 835 [2007]), the order must be affirmed. Spolzino, J.P., Florio, Miller and Dickerson, JJ., concur.