■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEIL PIETARNIELLO, Appellant. [862 NYS2d 69]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Brennan, J.), dated October 5, 2006, which, after a hearing to redetermine the defendant's sex offender risk level

pursuant to the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]), designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court failed to set forth the findings of fact and conclusions of law upon which its risk assessment determination was made, as required by Correction Law § 168-n (3). However, this Court may make its own findings of fact and conclusions of law where, as here, the record is sufficient to do so (*see People v Forney,* 28 AD3d 446 [2006]).

Contrary to the defendant's contention, the Supreme Court did not err in assessing him points under two risk factor categories (8 and 9) for the same conduct (a prior misdemeanor sex offense) (*contra People v Wilbert,* 35 AD3d 1220 [2006]). Although the Sex Offender Registration Act (hereinafter SORA) Guidelines do not directly address the issue of whether points may be assessed in more than one category for the same conduct, the risk assessment instrument (hereinafter the RAI) necessarily provides for the potential for such a result. In the "criminal history" section of the RAI, points may be assessed based on (1) the defendant's age at the time of his or her first sex offense, (2) the fact of a prior sex offense, and (3) the recency of the prior sex offense. Thus, for example, a defendant who committed a prior sex offense less than three years before the sex offense at issue, and who was 20 years old or less at the time of the prior offense, could be assessed points in three separate categories for the same conduct (*e.g.* categories 8, 9, and 10). Indeed, such a defendant could be assessed a total of 50 points for such conduct, which is almost half of the points needed to be a presumptive level three sex offender (110 points). Furthermore, the SORA Guidelines, while not directly addressing the issue, imply that such a multiple assessment is permissible. In discussing the relevance of the age of the defendant at the time of his or her first sex offense (category 8), the Guidelines note: "As discussed above, criminal convictions, youthful offender adjudications, and juvenile delinquency findings are to be considered in scoring this category, *as well as categories 9 and 10*" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 13 [2006 ed] [emphasis added]).

Moreover, permitting the assessment of points in more than one category for the same conduct is not improper, as the categories represent cumulative, not duplicative, predictors of reoffense. Concerning risk factor 8—age at first sex offense—the SORA Guidelines provide: "The offender's age at the commis-

sion of his first sex crime, which includes his age at the time of the commission of the instant offense, is a factor associated with recidivism: those who offend at a young age are more prone to reoffend" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 13 [2006 ed]). Concerning risk factor 9—prior violent felony, misdemeanor sex crime, or endangering the welfare of a child—the Guidelines provide: "An offender's prior criminal history is significantly related to his likelihood of sexual recidivism, particularly when his past includes violent crimes or sex offenses" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 13 [2006 ed]). Concerning risk factor 10—recency of prior felony or sex crime—the Guidelines provide: "In weighing an offender's criminal history, the nature of his prior crime is not the only important factor; the recency of those crimes matters as well" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 14 [2006 ed]). The guidelines thereby recognize that an offender who engaged in a sex offense at a young age and committed a sex offense more recently is more likely to re-offend than one who started later and offended less recently. Here, the defendant's young age at the time he committed his first (prior) crime, and the fact that the defendant committed a prior sex crime, are cumulative, not duplicative factors in assessing the likelihood of re-offense. Consequently, the Supreme Court did not err in assessing the defendant points in two categories for the same conduct. In addition, the prior conviction, although older, was not so old as to be irrelevant, particularly in light of the significance placed on the age of the defendant at his or her first sex offense.

Although the People proved by clear and convincing evidence that the defendant failed to take responsibility for his sex offense (*see generally* Correction Law § 168-n; *People v Montalvo,* 44 AD3d 919 [2007]), they failed to demonstrate by clear and convincing evidence that he refused sex offender treatment while incarcerated. The People relied on a statement in the SORA case summary that the defendant "was removed from a sex offender program as he was not amenable to treatment." However, the source and basis of the statement is not indicated or apparent, and the defendant presented a document from the New York State Department of Correctional Services indicating that, in fact, he did not refuse any recommended programs while in prison. Thus, the defendant should have been assessed 10 points under category 12 of the RAI for not taking responsibility for his offense, rather than 15 points for not taking responsibility and refusing treatment. However, even deducting five points from the defendant's score, he remains a presumptive level three sex offender and was properly adjudicated such.

The Supreme Court did not improvidently exercise its discretion in denying the defendant's request for a downward departure from his presumptive level three sex offender status (*see People v Taylor,* 47 AD3d 907 [2008], *lv denied* 10 NY3d 709 [2008]). The defendant did not demonstrate mitigating factors of a kind or to a degree not otherwise taken into account by the Guidelines that warranted such a departure (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4; *see People v Taylor,* 47 AD3d 907 [2008], *lv denied* 10 NY3d 709 [2008]).

The defendant's remaining contentions are without merit. Rivera, J.P., Skelos, Santucci and Leventhal, JJ., concur.