■ The People of the State of New York, Respondent, v Nicholas Robinson, Appellant. [866 NYS2d 683]—

Appeal by the defendant from an order of the County Court, Suffolk County (Hinrichs, J.), dated March 13, 2007, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The County Court's designation of the defendant as a level three sex offender under the Sex Offender Registration Act (hereinafter SORA) is supported by clear and convincing evidence (see Correction Law art 6-C; People v Dong V. Dao, 9 AD3d 401, 401-402 [2004]; People v Smith, 5 AD3d 752 [2004]; People v Moore, 1 AD3d 421 [2003]). Contrary to the defendant's contentions, the People established by clear and convincing evidence that he had a history of substance abuse, and based on his own admissions was using marijuana and/or alcohol at the time of the underlying incidents (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5 [2006] [hereinafter the SORA Guidelines]; People v Goodwin, 49 AD3d 619, 620-621 [2008]; see generally People v Mingo, 49 AD3d 148, 150 [2008]; People v Dong V. Dao, 9 AD3d at 401-402). Moreover, as the County Court correctly opined, the SORA Guidelines expressly provides for an addition of 15 points for factor No. 11 (drug or alcohol abuse) "if an offender has a substance abuse history or was abusing drugs and or alcohol at the time of the offense" (SORA Guidelines at 15 [emphasis added]).

In addition, the County Court providently exercised its discretion in denying the defendant's request for a downward departure from his presumptive level three sex offender status (see People v Pietarniello, 53 AD3d 475 [2008]; People v Taylor, 47 AD3d 907, 908 [2008], lv denied 10 NY3d 709 [2008]; People v Adams, 44 AD3d 1020 [2007], lv denied 9 NY3d 818 [2008]). The defendant did not demonstrate mitigating factors of a kind or to a degree not otherwise taken into account by the SORA Guidelines that warranted such a departure (see SORA Guidelines at 4; People v Pietarniello, 53 AD3d 475 [2008]; People v Taylor, 47 AD3d 907, 908 [2008], lv denied 10 NY3d 709 [2008]; People v Adams, 44 AD3d 1020 [2007], lv denied 9 NY3d 818 [2008]). Spolzino, J.P., Florio, Miller and Leventhal, JJ., concur.