■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED PEREZ, Appellant. [876 NYS2d 897]—Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated May 16, 2006, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

After determining that the defendant was presumptively a level three sex offender under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court denied the defendant's request to downwardly depart from that risk level to level two. "A departure from the presumptive risk level is generally warranted only where 'there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the [SORA] guidelines' " (*People v Taylor*, 48 AD3d 775, 776 [2008], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 10 [2006] [hereinafter the SORA Guidelines]; *see People v Townsend*, 60 AD3d 655 [2009]). The factors on which the defendant relies to support his argument that a downward departure was warranted are expressly addressed in the SORA Guidelines. Moreover, assessing points against the defendant based on his sexual contact with the victim did not result in an over-assessment of the risk that the defendant posed to public safety. Accordingly, the Supreme Court did not improvidently exercise its discretion in declining to depart from the defendant's presumptive risk level (*see People v Guaman*, 8 AD3d 545 [2004]). Prudenti, P.J., Santucci, Florio and Belen, JJ., concur.