■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELMORE TEAGLE, Appellant. [884 NYS2d 80]—

Appeal by the defendant from an order of the County Court, Suffolk County (Hudson, J.), dated April 16, 2008, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant was convicted in Florida in 1994 of the crime of "sexual battery—injury not likely," under Florida Statutes Annotated § 794.011 (5). He was required by Florida law to register as a sex offender (*see* Fla Stat Ann § 775.21 [4] [a]). After serving several years in jail on the Florida offense, the defendant returned to New York, where he was notified that he was required to register as a sex offender under the Sex Offender Registration Act (hereinafter SORA). On this appeal from the order designating him a level three sex offender, the defendant argues, among other things, that his Florida conviction related to one victim only, and that it was thus improper to assess him 20 points under risk factor 3, which relates to the number of his victims. He also argues that he was improperly assessed 10 points under risk factor 12, based upon his alleged failure to accept responsibility for his conduct. The defendant further argues that he was improperly assessed 30 points in connection with risk factor 9, which relates to the "number and nature of [his] prior crimes."

We find that the substance of the defendant's postarrest statement to the Florida police in 1994 that the victim encouraged him to have sex with her, combined with his failure, in or around 2003, to comply with the reporting requirements of Florida's equivalent of SORA, constitute clear and convincing evidence that he failed to genuinely accept responsibility for his conduct (*see People v Legall,* 63 AD3d 1305 [3d Dept 2009]; *People v Baker,* 57 AD3d 1472 [2008], *lv denied* 12 NY3d 706 [2009]). Accordingly, the defendant was properly assessed 10 points for his failure to accept responsibility for his conduct.

The defendant's argument that he is not properly subject to SORA at all is not properly before this Court since a CPLR article 78 proceeding is the only proper vehicle in which to raise a challenge to an agency determination that an out-of-state conviction subjects a defendant to SORA (*see People v Windham,* 10 NY3d 801, 802 [2008]; *see also People v Rendace,* 58 AD3d 821 [2009]). The defendant's argument relating to the 30 points assessed under risk factor 9, based on his 1988 conviction in New York of the crime of sexual abuse in the third degree (*see* Penal Law § 130.55), is unpreserved for appellate review.

In light of our determination, the defendant's argument with respect to risk factor 3 has, under these circumstances, been rendered academic. We, therefore, need not address the merits of that argument (*but see generally People v Thomas,* 59 AD3d 783 [2009]; *People v Middleton,* 50 AD3d 1114 [2008], *affd* 12 NY3d 737 [2009]; *cf. People v Hoffman,* 62 AD3d 976 [2009]; *People v Vasquez,* 49 AD3d 1282 [2008]).

The defendant's remaining contentions are without merit. Fisher, J.P., Dillon, Covello and Dickerson, JJ., concur.