■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN DAVIS, Appellant. [887 NYS2d 219]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Buchter, R.), dated October 23, 2007, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In establishing the appropriate risk level determination under the Sex Offender Registration Act (Correction Law art 6-C), the People bear the burden of proving the necessary facts by clear and convincing evidence (see Correction Law § 168-n [3]; People v Lawless, 44 AD3d 738 [2007]).

A court, in the exercise of its discretion, may depart from the presumptive risk level determined by the risk assessment instrument based upon the facts in the record (see People v Taylor, 47 AD3d 907 [2008]; People v Inghilleri, 21 AD3d 404, 405 [2005]). However, "[t]he expectation is that the [risk assessment] instrument will result in the proper classification in most cases so that departures will be the exception—not the rule" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]). A departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; see People v Taylor, 47 AD3d 907, 908 [2008]).

Here, the court considered the risk assessment instrument, the case summary, and the victim's out-of-court statements to the prosecutor in establishing that the victim sustained a serious physical injury in the form of a broken vertebra, which caused pain and difficulty walking for a period of two years. Thus, the Supreme Court properly determined that there was clear and convincing evidence to support upward departure from the presumptive level two sex offender designation. Skelos, J.P., Santucci, Belen and Hall, JJ., concur.