■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES McKEE, Appellant. [888 NYS2d 103]—

Appeal by the defendant from an order of the County Court, Nassau County (Gulotta, J.), dated January 11, 2007, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Defense counsel conceded at the hearing that the Board had accurately assigned the defendant 135 points. Accordingly, the County Court's designation of the defendant as a level three sex offender under the Sex Offender Registration Act (hereinafter SORA) is supported by clear and convincing evidence (*see People v Pardo,* 50 AD3d 992 [2008]).

Although the County Court failed to specifically rule on the defendant's application for a downward departure to level one as required by Correction Law § 168-n (3), this Court may make its own findings of fact and conclusions of law where, as here, the record is sufficient to do so (*see People v Pardo,* 50 AD3d 992 [2008]; *People v Banks,* 48 AD3d 656 [2008]; *People v Penson,* 38 AD3d 866 [2007]; *People v Forney,* 28 AD3d 446 [2006]).

"[U]tilization of the risk assessment instrument will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Guaman,* 8 AD3d 545 [2004], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [1997]). A defendant seeking a departure has the burden of establishing by clear and convincing evidence that there are mitigating circumstances which were not considered by the guidelines (*see People v Lattimore,* 57 AD3d 752 [2008]; *People v Taylor,* 47 AD3d 907 [2008]). In this case, the defendant argues that he is not a high risk to re-offend and cites the following three factors warranting a downward departure: (1) the victims were family members and not strangers, (2) his conduct while imprisoned was satisfactory, and (3) he accepts responsibility for his actions. All three factors are, however, enumerated risk factors taken into consideration by the Board in making its recommendation. Thus, the defendant did not demonstrate any mitigating factors of a kind or to a degree not otherwise taken into account by the SORA Guidelines to warrant a downward departure (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [1997]; *People v Pietarniello,* 53 AD3d 475 [2008]; *People v Taylor,* 47 AD3d 907 [2008]).

Accordingly, the determination of the County Court to designate the defendant a level three sex offender should not be disturbed. Skelos, J.P., Covello, Leventhal and Roman, JJ., concur.