THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN REITANO, Appellant. [889 NYS2d 857]—

The only proper procedural vehicle for challenging a determination that an out-of-state conviction subjects an offender to the registration requirements of the Sex Offender Registration Act (*see* Correction Law art 6-C) is a CPLR article 78 proceeding against the Board of Examiners of Sex Offenders (*see People v Teagle,* 64 AD3d 549, 550 [2009]; *People v Rendace,* 58 AD3d 821 [2009]; *People v Geier,* 56 AD3d 539, 540 [2008]; *People v Carabello,* 309 AD2d 1227, 1228 [2003]; *Matter of Mandel,* 293 AD2d 750, 751 [2002]). Thus, on this appeal from the Supreme Court's order designating the appellant a level two sex offender, the appellant's contention that he should not have been required to register as a sex offender in New York based on his convic-

tion of sexual battery in California is not properly before this Court (*see People v Teagle,* 64 AD3d at 550; *People v Carabello,* 309 AD2d at 1228).

Contrary to the appellant's contention, his attorney's failure to commence a CPLR article 78 proceeding on his behalf did not deprive him of the effective assistance of counsel, since such a proceeding would have had "little or no chance of success" (*People v Caban,* 5 NY3d 143, 152 [2005] [internal quotation marks omitted]; *see* Correction Law § 168-a [2] [b],[d] [i]; Penal Law § 130.55; Cal Penal Code § 243.4 [e] [1]; *Matter of North v Board of Examiners of Sex Offenders of State of N.Y.,* 8 NY3d 745 [2007]).

Inasmuch as the appellant does not raise any issue with respect to the Supreme Court's risk level designation made in the order appealed from, the order must be affirmed. Prudenti, P.J., Covello, Lott and Sgroi, JJ., concur.