■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RIVERA, Appellant. [900 NYS2d 437]—Appeal by the defendant from an order of the Supreme Court, Kings County (Murphy, J.), dated October 3, 2008, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

At the hearing, clear and convincing evidence was presented that the defendant was previously convicted of a felony sex offense. That predicate felony sex offense warranted an automatic override to a presumptive level three risk assessment (*see People v Guitard*, 57 AD3d 751, 752 [2008]).

The defendant sought a downward departure from his presumptive level three risk assessment. The Supreme Court denied that application. However, the Supreme Court failed to set forth the findings of fact and conclusions of law upon which it based its determination (*see* Correction Law § 168-n [3]; *People v Smith*, 11 NY3d 797, 798 [2008]). Remittal is not required, however, as the record in this case is sufficient for this Court to make its own findings of fact and conclusions of law (*see People v Guitard*, 57 AD3d at 751). Accordingly, we do so (*cf. People v Leopold*, 13 NY3d 923, 924 [2010]).

The defendant failed to present clear and convincing evidence of special circumstances warranting a downward departure (*see*

*People v Guitard*, 57 AD3d at 752; *People v Flowers*, 35 AD3d 690 [2006]). A downward departure is warranted where there exists a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the Sex Offender Registration Act (hereinafter SORA) Guidelines (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *People v Taylor*, 47 AD3d 907, 908 [2008]; *People v Cadorette*, 41 AD3d 808, 809 [2007]). Here, however, the factors upon which the defendant relied to support his argument that a downward departure was warranted, such as his participation in a sex offender program, are adequately taken into account by the SORA Guidelines. Under these circumstances, no downward departure was warranted (*see People v Perez*, 61 AD3d 946 [2009]). Dillon, J.P., Miller, Dickerson and Chambers, JJ., concur.