■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH KING, Appellant. [906 NYS2d 570]—

Appeal by the defendant from an order of the County Court, Orange County (DeRosa, J.), dated October 21, 2008, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The People met their burden of proving by clear and convincing evidence the facts that supported the defendant's adjudication as a level three sex offender (*see* Correction Law § 168-n [3]; *People v Mingo*, 12 NY3d 563, 571 [2009]; *People v Mabee*, 69 AD3d 820 [2010]). Although the County Court failed to set forth the findings of fact and conclusions of law upon which its determination was based as required by Correction Law § 168-n

(3), remittal is not required because the record in this case is sufficient for this Court to make its own findings of fact and conclusions of law (*see People v Pietarniello*, 53 AD3d 475 [2008]).

Contrary to the defendant's contention, the County Court did not err in assessing him 25 points under risk factor number 2 for sexual contact with his victims. A sex offender can be assessed 25 points under that risk factor if he or she engaged in "sexual intercourse, oral sexual conduct, anal sexual conduct, or aggravated sexual abuse" with the victim (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 9 [2006]). Here, the People established by clear and convincing evidence that the defendant engaged in oral sexual conduct (*see* Penal Law § 130.00 [2] [a]) with the victims.

Moreover, the Sex Offender Registration Act (Correction Law § 168 *et seq.*) guidelines provide for an automatic override to a presumptive level three designation where the defendant has "a prior felony conviction for a sex crime" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 3-4, 19 [2006]). The People established, by clear and convincing evidence, that the defendant was previously convicted of a felony sex crime committed against his daughter, and was presumptively a level three sex offender by application of automatic override number one, which deals with a prior felony conviction for a sex crime.

The County Court did not improvidently exercise its discretion in denying the defendant's application for a downward departure from his presumptive risk level status (*see People v Pietarniello*, 53 AD3d at 478). A departure from the presumptive risk level is generally only warranted where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see People v Chandler*, 48 AD3d 770, 771 [2008]). Such a determination must be supported by clear and convincing evidence (*see People v Jacobs*, 61 AD3d 835, 836 [2009]). Here, the defendant failed to demonstrate, by clear and convincing evidence, that there existed mitigating factors of a kind or to a degree not otherwise taken into account by the guidelines (*see People v Sam*, 67 AD3d 876, 876-877 [2009]; *People v Pietarniello*, 53 AD3d at 478). Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.