■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VALERY NOVACK, Appellant. [911 NYS2d 646]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Marrero, J.), dated March 22, 2005, which, after a hearing to redetermine his sex offender risk level pursuant to the stipulation of settlement in Doe v Pataki (3 F Supp 2d 456 [1998]), designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The risk assessment instrument utilized in connection with the defendant's redetermination hearing assessed him a total of 95 points, and no departure was recommended. Following the hearing, the Supreme Court determined that the People had proved only that the defendant should be assessed 75 points by

clear and convincing evidence. The Supreme Court also denied the defendant's request for a downward departure. Based upon those 75 points, the defendant was designated a level two sex offender.

The Supreme Court failed to set forth the findings of fact and conclusions of law upon which its determination was based, as mandated by Correction Law § 168-n (3). However, remittal is not required because the record in this case is sufficient for this Court to make its own findings of fact and conclusions of law (*see People v Rivera*, 73 AD3d 881 [2010]; *People v Banks*, 48 AD3d 656 [2008]).

Based upon the case summary and the risk assessment instrument, the defendant was properly assessed 75 points following his reassessment hearing. Since the defendant failed to present clear and convincing evidence that there existed mitigating factors of a kind or to a degree not otherwise adequately taken into account by the guidelines that warranted a discretionary downward departure (*see People v King*, 74 AD3d 1162 [2010]), the Supreme Court properly designated the defendant a level two sex offender.

The defendant's remaining contentions are without merit. Fisher, J.P., Florio, Leventhal and Hall, JJ., concur.