■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUENTIN L. BUSSIE, Appellant. [920 NYS2d 718]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated April 19, 2010, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

A court has the discretion to depart from the presumptive risk level, as determined by use of the risk assessment instrument, based upon the facts in the record (*see People v Bowens*, 55 AD3d 809, 810 [2008]; *People v Taylor*, 47 AD3d 907, 907 [2008]; *People v Burgos*, 39 AD3d 520, 520 [2007]; *People v Hines*, 24 AD3d 524, 525 [2005]). However, "utilization of the risk assessment instrument will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Guaman*, 8 AD3d 545, 545 [2004], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [Nov. 1997]; *see People v Bowens*, 55 AD3d at 810; *People v Taylor*, 47 AD3d at 908; *People v Burgos*, 39 AD3d at 520; *People v Hines*, 24 AD3d at 525). A

departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see People v Bowens*, 55 AD3d at 810; *People v Taylor*, 47 AD3d at 908; *People v Burgos*, 39 AD3d at 520; *People v Hines*, 24 AD3d at 525).

Here, the County Court providently exercised its discretion in denying the defendant's request for a downward departure, as the defendant failed to demonstrate the existence of mitigating circumstances of a kind, or to a degree, not otherwise adequately taken into account by the guidelines (*see People v Mendez*, 79 AD3d 834 [2010], *lv denied* 16 NY3d 707 [2011]; *People v Maiello*, 32 AD3d 463 [2006]). Rivera, J.P., Dickerson, Lott and Cohen, JJ., concur.