■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY RUIZ, Appellant. [924 NYS2d 283]—

Appeal by the defendant from an order of the County Court, Nassau County (Berkowitz, J.), dated May 27, 2009, which, after a hearing, designated him a level three sexually violent sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The People met their burden of proving, by clear and convincing evidence, the facts supporting the defendant's adjudication as a level three sexually violent sex offender (*see* Correction Law § 168-a [3], [7] [b]; § 168-n [3]; *People v Mingo*, 12 NY3d 563, 571 [2009]). To the extent that the County Court failed to set forth the findings of fact and conclusions of law upon which its determination was based as required by Correction Law § 168-n (3), remittal is not required because the record in this case is sufficient for this Court to make its own findings of fact and conclusions of law (*see People v King*, 74 AD3d 1162, 1162-1163 [2010]; *People v Guitard*, 57 AD3d 751 [2008]; *People v Banks*, 48 AD3d 656 [2008]).

Contrary to the defendant's contention, the County Court properly assessed 10 points under risk factor 1 for using forcible

compulsion against the victim (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 8 [2006]) and a total of 40 points under risk factors 8 and 9 (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 13-14 [2006]). Moreover, the assessment of 15 points under risk factor 12 was appropriate (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15-16 [2006]).

The defendant's remaining contentions are without merit. Rivera, J.P., Balkin, Lott and Austin, JJ., concur.