The People of the State of New York, Respondent, v Apolonio Abreu, Appellant. [931 NYS2d 903]—

The People established, by clear and convincing evidence, that the defendant strangled his rape victim to death. Accordingly, he was presumptively designated a level three sex offender pursuant to the automatic override which applies to offenders who have inflicted serious physical injury or caused the

death of the victim (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 3-4 [2006]; *People v Carter*, 85 AD3d 995 [2011], *lv denied* 17 NY3d 712 [2011]; *People v Fareira*, 80 AD3d 589, 590 [2011]; *People v Martin*, 79 AD3d 717, 718 [2010]; *People v King*, 74 AD3d 1162, 1163 [2010]). Further, the Supreme Court properly determined that the defendant was not entitled to a downward departure from his presumptive risk level (*see People v Livingston*, 87 AD3d 628 [2011]; *People v Alston*, 86 AD3d 553, 554 [2011]; *People v Carter*, 85 AD3d at 995-996; *People v Bussie*, 83 AD3d 920 [2011]). Mastro, J.P., Eng, Belen and Hall, JJ., concur.