■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT OLIN, Appellant. [940 NYS2d 141]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Dowling, J.), dated April 27, 2009, which, after a hearing, designated him a level three sexual predator pursuant to Correction Law article 6-C.

Ordered that the order is modified, on the law, by deleting the provision thereof designating the defendant a sexual predator and substituting therefor provisions designating the defendant a sexually violent offender and a predicate sex offender; as so modified, the order is affirmed, without costs or disbursements.

The only proper procedural vehicle for challenging a determination that an out-of-state conviction subjects an offender to the registration requirements of the Sex Offender Registration Act (see Correction Law art 6-C) is a CPLR article 78 proceeding against the Board of Examiners of Sex Offenders (see People v Reitano, 68 AD3d 954 [2009]; People v Teagle, 64 AD3d 549, 550 [2009]). Accordingly, on this appeal from the Supreme Court's order designating the defendant a level three sexual predator, the defendant's contention that he should not have been required to register as a sex offender in New York based

on a prior conviction in California is not properly before this Court (*see People v Reitano*, 68 AD3d at 954-955; *People v Teagle*, 64 AD3d at 550).

The People established, by clear and convincing evidence, that the defendant had previously been convicted of a felony sex offense. Therefore, he was presumptively a level three sexually violent offender pursuant to an automatic override addressing prior felony convictions for sex crimes, irrespective of the points scored on the risk assessment instrument (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 3-4 [2006]; *People v Carter*, 85 AD3d 995 [2011]; *People v Fareira*, 80 AD3d 589, 590 [2011]; *People v King*, 74 AD3d 1162, 1163 [2010]).

"A departure from the presumptive risk level is warranted where 'there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines' " (*People v Bussie*, 83 AD3d 920, 920-921 [2011], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see People v Alston*, 86 AD3d 553, 554 [2011]). Here, the Supreme Court properly determined that the defendant was not entitled to a downward departure and, thus, properly designated the defendant a level three sex offender (*see People v Alston*, 86 AD3d at 554; *People v Flowers*, 35 AD3d 690, 691 [2006]).

However, as the People correctly concede, the Supreme Court improperly classified the defendant as a sexual predator rather than a sexually violent offender and a predicate sex offender. Therefore, we modify the order accordingly. Dillon, J.P., Angiolillo, Florio and Cohen, JJ., concur.