People v Medina (2020 NY Slip Op 01095)





People v Medina


2020 NY Slip Op 01095


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-04856

[*1]People of State of New York, respondent,
v
Eduardo Medina, appellant. Paul Skip Laisure, New York, NY (Meredith S. Holt of counsel), for appellant.


Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Danielle S. Fein of counsel; Morgan L. Greene on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Barry Kron, J.), dated April 3, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court denied the defendant's request for a downward departure from his presumptive risk level, and designated him a level three sex offender (see Correction Law § 168-n). The defendant challenges the denial of his request for a downward departure.
The Supreme Court failed to set forth findings of fact and conclusions of law, as mandated by Correction Law § 168-n(3) (see People v Smith, 11 NY3d 797, 798; People v Vega, 79 AD3d 718, 719). However, remittal is not required since the record in this case is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Rivera, 73 AD3d 881; People v Pardo, 50 AD3d 992).
Contrary to the defendant's contention, he failed to establish his entitlement to a downward departure from his presumptive risk level. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant's remorse for his actions was adequately taken into account by the SORA Guidelines (see People v Robinson, 145 AD3d 805, 806; People v Santiago, 137 AD3d 762, 764; People v Torres, 124 AD3d 744, 745-746). Further, the defendant failed to demonstrate how support from his family or a social worker established a lower likelihood of reoffense or danger to the community (see People v Saintilus, 169 AD3d 838, 839).
Accordingly, we affirm the Supreme Court's determination designating the defendant a level three sex offender.
BALKIN, J.P., CHAMBERS, COHEN, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court