People v Palmer (2023 NY Slip Op 03250)

People v Palmer

2023 NY Slip Op 03250

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-07645

[*1]The People of the State of New York, respondent,
v
Brian Palmer, appellant. 

Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Evan A. Esswein of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated October 20, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2019, the defendant was convicted, upon his plea of guilty, of persistent sexual abuse in connection with an incident where he forcibly touched the complainant's breast. At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant was assessed 60 points under the risk assessment instrument, which would ordinarily place him within the range for a presumptive level one designation. However, based upon the defendant's prior conviction of a felony sex crime, the defendant was a presumptive level three sex offender pursuant to an automatic override (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006] [hereinafter Guidelines]). The Supreme Court denied the defendant's request for a downward departure and designated him a level three sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2)
establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant contends that his response to treatment programs, remorse, acceptance of responsibility, commitment to continued treatment, "avowed commitment not to repeat past behavior," and postrelease supervision constitute mitigating factors warranting a downward departure from the presumptive risk level. Some of the factors cited by the defendant in support of his application, including his remorse and acceptance of responsibility, were adequately taken into account by the Guidelines (see Guidelines at 15). Accordingly, to the extent that the defendant relied upon these factors in support of his application for a downward departure, he failed to demonstrate that they constituted mitigating circumstances "of a kind or to a degree not adequately taken into [*2]account by the [G]uidelines" (People v Gillotti, 23 NY3d at 861; see People v Ralph, 170 AD3d 900, 901; People v Santiago, 137 AD3d 762, 764).
The defendant also contends that his alleged exceptional response to sex offender treatment constituted a mitigating factor warranting a downward departure from the presumptive risk level. Although a response to treatment may qualify as a ground for a downward departure where the response is "exceptional" (Guidelines at 17; see People v Peaks, 207 AD3d 482, 483), the defendant failed to establish the facts in support of that ground by a preponderance of the evidence (see People v Miranda, 211 AD3d 976; People v Daley, 164 AD3d 931, 932). "The fact that the defendant had good attendance at his sex offender treatment program and was responding well to treatment was not proof of an exceptional response" (People v Grunwald, 201 AD3d 825, 826).
The defendant's contention that the Supreme Court should have considered that, as a result of the defendant's postrelease supervision, he will be "living under strict oversight and the threat of additional prison time, giving him a powerful incentive not to reoffend," is unpreserved for appellate review since it was not raised at the SORA hearing (see People v Melendez, 210 AD3d 1121, 1122; People v Bethel, 165 AD3d 712, 713). In any event, this contention is without merit.
Further, the defendant failed to demonstrate that any of the factors he cited "resulted in the over-assessment of his risk to public safety" (People v Wyatt, 89 AD3d at 129; see People v Ralph, 170 AD3d at 901).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
DILLON, J.P., MALTESE, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court