People v Rougeou (2024 NY Slip Op 05812)

People v Rougeou

2024 NY Slip Op 05812

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-04668

[*1]The People of the State of New York, respondent, 
v
Michael Rougeou, appellant.

Patricia Pazner, New York, NY (Zachory Nowosadzki of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), entered April 28, 2023, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted of attempted course of sexual conduct against a child in the first degree for acts he committed against his nine-year-old granddaughter. A hearing was conducted to determine his risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C). Based on the risk assessment instrument, the defendant was a presumptive level two sex offender. The Supreme Court denied the People's application for an upward departure from the presumptive risk level, as well as the defendant's application for a downward departure, and designated the defendant a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must then exercise its discretion by weighing the mitigating factor or factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's "dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861; see People v Champagne, 140 AD3d 719, 720).
Contrary to the defendant's contention, his alleged remorse does not qualify as a mitigating factor (see People v Robinson, 179 AD3d 1104, 1105; People v McKee, 66 AD3d 854, 855). Further, although "[a]n offender's rehabilitation as evidenced by the totality of the record may, under some circumstances, constitute a proper mitigating factor for a downward departure" (People v Santogual, 157 AD3d 737, 738), the defendant failed to prove such rehabilitation by a preponderance of the evidence.
Contrary to the defendant's further contention, under the circumstances of this case, the fact that the instant offense constitutes his only conviction of a sex crime does not qualify as a mitigating factor, insofar as this fact is expressly taken into account by the risk assessment instrument. Further, under the circumstances, the duration and conditions of his postrelease supervision do not qualify as a proper mitigating factor (see People v Palmer, 217 AD3d 793, 794; People v Infantino, 215 AD3d 768, 771).
Although the defendant met his initial burden of establishing the existence of a mitigating factor based on his ill health (see e.g. People v Baez, 199 AD3d 1027, 1028), under the totality of the circumstances, the Supreme Court providently exercised its discretion in denying his application for a downward departure, given, among other things, that the defendant committed some of the acts underlying the instant offense while he was on parole following a prior conviction (see People v Fernandez, 219 AD3d 760, 763; see also People v Jimenez, 178 AD3d 1099, 1101).
DILLON, J.P., MILLER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court