■ In the Matter of WARREN MANDEL, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent; STATE OF NEW YORK, Intervenor. [742 NYS2d 321] —In a proceeding pursuant to Correction Law article 6-C, the appeal, as limited by the brief, is from so much of an order of the County Court, Nassau County (Palmieri, J.), dated June 29, 2000, as determined that, in the absence of a proceeding pursuant to CPLR article 78, it was without authority to review the determination of the Board of Examiners of Sex Offenders that he had to register as a sex offender.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In July 1998, the appellant was convicted in Federal Court of possession of computer images of child pornography in violation of 18 USC § 2252A (b) (2). Following his release from prison, the appellant established residence in Nassau County. By letter dated March 20, 2000, the appellant was notified that his case had been referred to the Board of Examiners of Sex Offenders (hereinafter the Board) for review and determination of the issue of whether the appellant was required to register as a convicted sex offender, and he was directed to submit any relevant materials to the Board in consideration of its determination. Counsel for the appellant sent a letter to the Board in response detailing why registration was unwarranted.

Thereafter, the Board determined that the appellant was required to register as a result of the federal offense of which he was convicted. The Board recommended that he be assessed as a level one risk and the matter was assigned to the County Court, Nassau County. After a hearing, wherein the appellant maintained that the Board incorrectly determined that he must register, the County Court determined, inter alia, that, in the absence of a CPLR article 78 proceeding, it was without authority to review the Board's determination that the appellant had to register as a sex offender. We agree.

Pursuant to Correction Law article 6-C, also known as the Sex Offender Registration Act (hereinafter SORA), an individual convicted of enumerated sex offenses is required to notify and register his or her residence with the State of New York. SORA also provides the criteria concerning such registration if an offender was convicted in a state other than New York (see Correction Law § 168-a [2] [b]), and the procedures to ensure that the out-of-state offenders are registered (see Correction Law § 168-k).

The language of the statute directs the Board to determine whether a person convicted of an offense in a foreign jurisdiction must register as a sex offender in New York. Further, SORA limits the court's function to determining the duration of registration and the level of notification. Since the court's function in a proceeding pursuant to Correction Law article 6-C is limited, in the absence of a proceeding pursuant to CPLR article 78, the court may not review the Board's registration determination.

The appellant's remaining contention is without merit. Smith, J.P., O'Brien, McGinity and Crane, JJ., concur.