■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CARABELLO, Appellant, and STATE OF NEW YORK, Intervenor-Respondent. [765 NYS2d 724] —Appeal from an order of Supreme Court, Erie County (Wolfgang, J.), entered February 25, 2002, which denied the petition and assigned defendant a risk level of one under the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by dismissing the petition and as modified the order is affirmed without costs.

Memorandum: Following his conviction in Florida of lewd or lascivious exhibition (Fla Stat Ann § 800.04), a felony under Florida law for which defendant was required to register as a sex offender (*see* Fla Stat Ann § 943.0435), defendant moved to New York. The New York State Board of Examiners of Sex Offenders (Board) determined that, due to the Florida conviction, defendant was required to register as a sex offender in New York pursuant to the Sex Offender Registration Act (Correction Law art 6-C), and thereafter Supreme Court notified defendant of his right to a hearing to determine his risk level classification (*see* Correction Law § 168-k [2]). During the course of that proceeding defendant filed a petition seeking to vacate the Board's determination that he is required to register as a sex offender in New York. Defendant contends in his petition that, had he committed in New York the acts underlying his conviction in Florida, he would not have been required to register as a sex offender in New York, and thus requiring him to register violates his federal and state constitutional rights to equal protection. The court denied the petition and assigned defendant a risk level of one. Having notified the Attorney General of defendant's constitutional challenge (*see* Executive Law § 71), we now conclude that the court lacked subject matter jurisdiction to entertain defendant's petition.

Initially we note that, inasmuch as a court's lack of subject matter jurisdiction may be raised at any stage of the proceed-

ings, the issue is properly raised for the first time on this appeal (*see Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 718 [1997]). Defendant challenges the determination of the Board that he is required to register as a sex offender. However, the Board is the administrative agency that is statutorily empowered to make that determination (*see* Correction Law § 168-k [2]). The role of the court is limited to assigning defendant a risk level classification and determining whether defendant is a sexual predator (*id.*). A challenge to the Board's initial determination that a defendant is a registerable sex offender constitutes a challenge to a determination of an administrative agency and is not properly raised in the subsequent court proceeding involving the separate and distinct risk level determination (*see Matter of Mandel*, 293 AD2d 750 [2002], *appeal dismissed* 98 NY2d 727 [2002]). The proper procedure for challenging the constitutionality of the Board's initial determination that the defendant is required to register is a CPLR article 78 proceeding (*see Mandel*, 293 AD2d at 750; *see generally Stahlbrodt v Commissioner of Taxation & Fin. of State of N.Y.*, 171 Misc 2d 571, 576 [1996], *affd* 246 AD2d 793 [1998], *mod on other grounds* 92 NY2d 646 [1998]; *Matter of R & G Outfitters v Bouchard*, 101 AD2d 642, 643 [1984]). Similarly, the proper procedure for challenging the facial validity of the statute is a declaratory judgment action (*see Stahlbrodt*, 171 Misc 2d at 575; *Matter of R & G Outfitters*, 101 AD2d at 643). Because the court lacked subject matter jurisdiction to review the determination of the Board that defendant was required to register as a sex offender, the petition should have been dismissed, and we therefore modify the order by dismissing the petition. The order insofar as it assigns a risk level of one is affirmed. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.