■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS WILLIAMS, Appellant. [805 NYS2d 191]—

Mugglin, J. Appeal from an order of the County Court of Schenectady County (Hoye, J.), entered March 1, 2004, which classified defendant as a risk level II sex offender pursuant to the Sex Offender Registration Act.

Defendant was convicted in Massachusetts upon his plea of guilty of several crimes arising out of his possession of child pornography and videotaping of a female roommate in intimate settings. He was sentenced to a term of probation. Defendant subsequently applied to have his probation supervision moved to New York to enable him to relocate and live with his mother. Defendant's transfer request was granted and his case was reviewed by the Board of Examiners of Sex Offenders. In accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]), the Board determined that defendant was required to register as a sex offender. Although he was assessed as a risk level I category based upon the known information, the Board recommended that an assignment of a risk level II classification was more appropriate given various special circumstances. A hearing was conducted, and defendant contested the proposed imposition of a risk level II status. County Court adhered to the Board's recommendation and

found defendant to be a risk level II sex offender. Defendant appeals and we affirm.

First, defendant contends that he was not required to register as a sex offender in New York because the crimes for which he was convicted in Massachusetts are not contemplated by SORA. Defendant did not raise this issue at his hearing and, accordingly, it is not preserved for appellate review (*see* CPL 470.05 [2]). In any event, a CPLR article 78 proceeding, and not, as here, a "subsequent court proceeding involving the separate and distinct risk level determination," would have been the appropriate means by which to obtain a review of the Board's conclusion that defendant had been convicted of a registerable offense (*People v Carabello,* 309 AD2d 1227, 1228 [2003]; *see Matter of Mandel,* 293 AD2d 750, 751 [2002], *appeal dismissed* 98 NY2d 727 [2002]).

As for defendant's allegation that he was erroneously classified as a risk level II sex offender, we find that County Court's determination was supported by clear and convincing evidence (*see People v Sacco,* 17 AD3d 711, 712 [2005]; *People v Walker,* 15 AD3d 692, 692 [2005]). In arriving at its decision, County Court considered evidence of defendant's refusal to acknowledge and accept responsibility for his criminal conduct, as well as his failure to be forthcoming during his sex offender assessment appointments. Also taken into account by County Court was the opinion of a clinical psychologist specializing in sex offender treatment that defendant presented a "moderate to high risk of reoffending." Thus, we discern no basis in this record to disturb County Court's determination.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.