■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERCERO O. STAFFORD, Appellant. [822 NYS2d 317]—

Carpinello, J. Appeal from an order of the County Court of St. Lawrence County (Rogers, J.), rendered July 7, 2005, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

In July 1992, defendant was convicted by jury verdict of burglary in the third degree and sentenced to 2 to 4 years in prison. In October 1994, before his New York sentence expired, defendant was transported to Vermont pursuant to a detainer filed by Vermont authorities alleging that defendant engaged in inappropriate sexual contact with a minor child in that state. Defendant thereafter pleaded guilty to a charge of lewd and lascivious conduct with a child and was sentenced to a prison term ag-

gregating at three years, to run concurrently with the New York sentence he was then serving.

In November 1995, defendant was released to New York parole supervision until the expiration of his sentence on April 4, 1996, and he continued serving his Vermont sentence until it expired on May 26, 1996, whereupon he returned to New York. Following his arrest in February 2003, defendant pleaded guilty to burglary in the third degree and was sentenced to $3\frac{1}{2}$ to 7 years in prison, which sentence he is currently serving.

In anticipation of his release, the Board of Examiners of Sex Offenders evaluated and classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C) based upon, among other things, his Vermont conviction. Following a risk assessment hearing, County Court adopted the Board's recommendation and classified defendant as a presumptive risk level III sex offender. Defendant appeals and we affirm.

Initially, defendant's contentions that he is not subject to the Sex Offender Registration Act under principles of comity because Vermont's sex offender registration law (*see* 13 Vt Stat Ann § 5401 *et seq.*) was not in effect upon his release in 1996 and, alternatively, that any risk level should be deemed to have been implemented on April 4, 1996 because he was not duly notified of the need to register upon his release are not properly before us. Inasmuch as County Court was limited to assigning defendant a risk level classification and determining the duration of his registration based upon the evidence before it (*see* Correction Law § 168-k [2]), defendant's claims regarding his registrability constitute "challenge[s] to a determination of an administrative agency and [are] not properly raised in the subsequent court proceeding involving the separate and distinct risk level determination" (*People v Carabello*, 309 AD2d 1227, 1228 [2003]; *see People v Williams*, 24 AD3d 894, 895 [2005], *lv denied* 6 NY3d 710 [2006]; *Matter of Mandel*, 293 AD2d 750, 751 [2002], *lv dismissed* 98 NY2d 727 [2002]). Rather, defendant's claims are more properly the subject of a CPLR article 78 proceeding.

Turning to defendant's risk level classification, we find unavailing defendant's contention that his designation as a risk level III sex offender was in error. A risk level determination must be supported by facts that have been established by clear and convincing evidence, which may be offered in the form of reliable hearsay (*see* Correction Law § 168-k [2]), including the case summary and other materials upon which County Court relied. Although defendant contends that the court's conclusion

was based upon evidence that was not credible, we find upon our review of the record that the documents submitted to County Court provide clear and convincing evidence that defendant is a risk level III sex offender and, accordingly, find no basis to disturb County Court's determination (*see People v Hunt*, 17 AD3d 713, 714 [2005], *lv denied* 5 NY3d 763 [2005]).

Cardona, P.J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.