■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUWAN PRIDE, Appellant. [829 NYS2d 741]—

Peters, J. Appeal from an order of the County Court of Schenectady County (Drago, J.), entered April 4, 2006, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

In 1997, defendant pleaded no contest in California to assault with attempt to commit rape and was sentenced to one year in jail and three years of felony probation. On his apparent subsequent relocation to Schenectady County, the Board of

Examiners of Sex Offenders evaluated and presumptively classified defendant as a risk level II sex offender in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C), but recommended an upward departure to risk level III status. After a hearing, County Court determined that, based upon an override factor, defendant's presumptive risk level was level III and, accordingly, classified him as such. Defendant now appeals and we affirm.

Defendant initially contends that he was not a New York resident and, therefore, was not required to register as a sex offender in this state. Although County Court found that defendant had, indeed, established residence in New York, we note that the court's role in this matter should have been limited to assessing defendant's risk level classification (*see* Correction Law § 168-k [2]; *People v Carabello*, 309 AD2d 1227, 1228 [2003]). "A challenge to the Board's initial determination that . . . defendant is a registerable sex offender constitutes a challenge to a determination of an administrative agency and is not properly raised in the subsequent court proceeding involving the separate and distinct risk level determination" (*People v Carabello, supra* at 1228 [citation omitted]). In any event, upon our review of the record, we are satisfied that defendant was a resident of New York for this purpose.

Defendant next argues that County Court improperly ordered an upward departure from presumptive risk level II to risk level III. Defendant, however, evidently misunderstands the process by which the court arrived at its decision to classify defendant as a risk level III sex offender. Contrary to defendant's argument, the court did not presumptively classify defendant as risk level II and then upwardly modify to risk level III. Rather, after having considered the risk assessment instrument, the court applied an override factor—defendant's prior juvenile sex felony adjudication—and determined that defendant's presumptive risk level was level III. This override factor was established by hearing evidence demonstrating that defendant, when he was 14 years old, sexually abused a seven-year-old girl by fondling her and forcing her to orally copulate him.* Given that the override factor served to presumptively classify defendant as a risk level III sex offender and the record is devoid of clear and convincing evidence establishing any mitigating circumstances warranting a downward modification therefrom, we will not disturb County Court's determination (*see People v Mabb*, 32 AD3d 1135, 1135 [2006]).

---

* Although not argued by defendant, we note that a juvenile adjudication is contemplated by the Sex Offender Registration Act guidelines (*see People v Dort*, 18 AD3d 23, 26 [2005], *lv denied* 4 NY3d 885 [2005]).

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.