OPINION OF THE COURT
A. Kirke Bartley, J.
On August 31, 1998, defendant was convicted of lewd and lascivious conduct, in violation of Vermont Statutes Annotated, title 13, § 2601. Under Vermont law, the crime was a felony for which the defendant was eligible to be sentenced to up to five years in prison. Defendant was required to register as a sex offender in the state of Vermont as a result of his conviction. He thereafter established residence in New York City, the New York Board of Examiners of Sex Offenders determined that he was required to register as a sex offender in New York, and the instant Sex Offender Registration Act (SORA) petition was initiated.
Defendant makes several challenges to the validity of the SORA petition. His first contention is that the court has jurisdiction to determine whether the defendant is required to register as a sex offender in New York, and argues that dismissal is warranted because the defendant’s Vermont conviction does not correspond to a registerable offense in New York. He also argues that the petition must be dismissed because, as applied to defendant’s case, Correction Law §§ 168-a and 168-k (2) violate the Equal Protection Clause and the Privileges and Immunities Clause of the United States Constitution.
Jurisdiction
The court has no jurisdiction to determine whether this defendant is required to register as a sex offender in New York. Correction Law § 168-a (1) defines a sex offender as a person who is convicted of any of the offenses set forth in section 168-a (2) or (3). This includes a person who is convicted of a “felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred” (Correction Law § 168-a [2] [d] [ii]). As defen *813 dant was convicted of a felony in Vermont for which he was required to register as a sex offender in Vermont, section 168-a (2) (d) (ii) dictates that he is a sex offender in New York.
Correction Law § 168-k (2) prescribes that when a sex offender establishes residence in New York State, “[t]he board shall determine whether the sex offender is required to register with the division.” The plain language of the statute therefore delegates the registration determination to the Board. That same provision dictates that while the Board must make a recommendation regarding the level of notification, the County Court or Supreme Court in the county of residence of the sex offender must make the ultimate decision regarding the notification level and length of registration. The statute specifically instills the court with the power to hold a hearing in order to make those determinations, but does not include whether an individual has to register in the first place as an issue to be determined at the hearing.
While the First Department has not yet specifically addressed the issue of whether the hearing court has the jurisdiction to determine whether an individual has to register, each of the other departments have held that “the Board is the administrative agency that is statutorily empowered to make that determination. The role of the court is limited to assigning defendant a risk level classification and determining whether defendant is a sexual predator” (People v Carabello, 309 AD2d 1227, 1228 [4th Dept 2003] [citations omitted]; see also Matter of Mandel, 293 AD2d 750 [2d Dept 2002]; People v Pride, 37 AD3d 957 [3d Dept 2007]; People v Stafford, 32 AD3d 1133 [3d Dept 2006]). Those courts have held that a CPLR article 78 proceeding is the appropriate means to obtain a review of the Board’s decision that the person in question must register as a sex offender in New York (see People v Carabello, supra; Matter of Mandel, supra; People v Stafford, supra; People v Williams, 24 AD3d 894 [3d Dept 2005]).
Defendant relies on the cases of Matter of Nadel (188 Misc 2d 427 [2001]) and People v Millan (295 AD2d 267 [2002]) to support his contention that this court has the power to review the Board’s initial determination that defendant must register, and that to do so the court must determine whether the Vermont statute is equivalent to a comparable New York registerable sex offense.
However, those cases can be distinguished from defendant’s case because both involved underlying federal crimes for which *814 there is no attendant federal sex offender registration requirement. In such cases, where the foreign conviction does not have its own registration requirement, the determination of whether the crime is a sex offense in New York is prescribed by Correction Law § 168-a (1) (d) (i), which requires comparison of the elements of the foreign crime and a New York sex offense. While Correction Law § 168-a (1) (d) (i) so prescribes the parameters of how to determine whether a foreign conviction that does not have an accompanying registration requirement is a sex offense, it does not dictate who is empowered to make that comparison and determination. In contrast, section 168-k (2) specifically gives the Board the power to determine whether someone who has established residence in the state must register in New York when they have already been determined to be a sex offender.
In this case, defendant is statutorily determined to be a sex offender in New York, so no comparison of the statutes is required. That is because the provision that applies to his conviction is section 168-a (2) (d) (ii), not section 168-a (1) (d) (i). The applicable provision defines the crime for which the defendant was convicted as a sex offense because he was convicted of a felony in Vermont for which he is required to register as a sex offender in Vermont. As the statute clearly dictates that this defendant is a sex offender, it also specifically dictates that it is the Board who has the power to determine whether he must register (Correction Law § 168-k [2]). Because the court does not have jurisdiction to review the Board’s determination under these circumstances, the defendant’s motion to dismiss on this ground is denied.
Constitutional Challenges
Defendant’s motion to dismiss on constitutional grounds is likewise denied. Defendant contends that the applicable SOBA provision which requires him to register as a sex offender after he established residence in New York violates the Equal Protection Clause because it treats out-of-state and New York residents differently.
The applicable provision does not violate the Equal Protection Clause. States have a legitimate interest in requiring offenders who commit registerable offenses in other jurisdictions to register in their new state of residence. If provisions like Correction Law § 168-a (2) (d) (ii) did not exist, an offender could avoid sex offender registration requirements simply by moving his state of residence, thereby frustrating the purpose behind sex offender registration laws (see Doe v Pataki, 120 F3d 1263 [1997]).
*815 In any event, the applicable SORA provision does not discriminate between out-of-state and New York residents. The initial question, prior to determining which type of constitutional analysis applies, is whether, under otherwise identical circumstances, the SORA would treat a Vermont resident who establishes residence in New York differently than a New York resident. Contrary to defendant’s argument, the analysis is therefore not whether a Vermont resident who commits a crime in Vermont and then establishes residence in New York would be treated differently than a New York resident who commits that same crime in New York. Rather, it is whether a Vermont resident who commits a crime in Vermont and then establishes residence in New York would be treated differently than a New York resident who commits that same crime in Vermont. The answer is that the Vermont resident and New York resident would be treated no differently under the SORA. Correction Law § 168-a (2) (d) (ii) defines a sex offender as a person who is convicted of a “felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred.” That provision is therefore clear that if a New York resident travels to Vermont where he is convicted of a felony for which he is required to register in Vermont, the SORA defines him as a sex offender who must register in New York. Hence, a Vermont resident who moves to New York after he is convicted of a registerable felony in Vermont is treated the same as a New York resident who is convicted of a registerable felony in Vermont. As defendant would have been required to register in New York had he been a continuing resident of New York when he was convicted of the Vermont felony, he was not discriminated against based upon his state of residency. Nor does the provision in any way impede his right to travel. His motion to dismiss on equal protection grounds is therefore denied.
For the same reasons, defendant’s motion to dismiss under the Privileges and Immunities Clause is denied.
Accordingly, the motion is denied in its entirety.