*540 Appeal by the defendant from an order of the County Court, Westchester County (R. Bellantoni, J.), dated October 31, 2007, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
Contrary to the appellant’s contention, it was not necessary for the County Court to make a threshold determination that the offenses he committed in California required him to register as a sex offender in New York. Pursuant to Correction Law § 168-k (2), the Board of Examiners of Sex Offenders (hereinafter the Board) is required to determine whether a person convicted of a sex offense in a foreign jurisdiction must register as a sex offender in this state (see Matter of Mandel, 293 AD2d 750 [2002]). Thus, a challenge to a determination that an individual is required to register as a sex offender must be raised in a CPLR article 78 proceeding against the Board, and not in a court proceeding involving the separate and distinct risk determination (see People v Pride, 37 AD3d 957 [2007]; Matter of Churuti v Devane, 29 AD3d 1139 [2006]; People v Williams, 24 AD3d 894 [2005]; People v Carabello, 309 AD2d 1227 [2003]; Matter of Mandel, 293 AD2d 750 [2002]).
We agree with the appellant’s contention that the People failed to prove, by clear and convincing evidence, that the victims of the California offense were strangers to him within the meaning of the Sex Offender Registration Act guidelines for risk factor 7 (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 12 [2006]; People v Mc-Graw, 24 AD3d 525 [2005]). The Board did not assess points against the appellant for risk factor 7 on the risk assessment instrument, and the evidence submitted at the hearing indicates that the appellant and the victims resided in the same foster home at the time of the offenses. Under these circumstances, the defendant should not have been assessed 20 points for risk factor 7 by the Supreme Court, and should have been presumptively classified as a level one rather than a level two offender.
However, the Supreme Court properly concluded that an upward departure to a level three designation was warranted based upon clear and convincing evidence of the existence of aggravating factors not accounted for in the risk assessment instrument, including the appellant’s confinement to a treatment center for prior acts of sexual misconduct, and his admis *541 sion that he committed a subsequent sexual assault (see People v Hill, 50 AD3d 990 [2008]; People v Buss, 44 AD3d 634 [2007]; People v McCollum, 41 AD3d 1187 [2007]; People v Jenkins, 34 AD3d 352 [2006]). Fisher, J.P., Miller, Dillon and Eng, JJ., concur.