■ The People of the State of New York, Respondent, v William Rendace, Appellant. [873 NYS2d 115]—

Appeal by the defendant from an order of the Supreme Court, Nassau County (Calabrese, J.), entered January 30, 2007, which, after a hearing, designated him a level one sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

After the defendant, a resident of New York, was convicted of an offense in New Jersey, the New York State Board of Examiners of Sex Offenders (hereinafter the Board) determined, pursuant to the Sex Offender Registration Act (*see* Correction Law § 168 *et seq.*), that he was a sex offender and was required to register (*see* Correction Law § 168-k [2]). A proceeding was commenced in the Supreme Court to determine the defendant's risk level, during which the defendant asserted that the Board erred in determining that he was a sex offender. He declined, however, to raise this contention by bringing a proceeding pursuant to CPLR article 78 against the Board. A proceeding pursuant to CPLR article 78 is the only proper vehicle by which to raise a challenge to the Board's determination under Correction Law § 168-k (2) that a person convicted of an offense out of New York State is required to register as a sex offender (*see People v Geier*, 56 AD3d 539 [2008]; *People v Pride*, 37 AD3d 957, 958 [2007]; *People v Stafford*, 32 AD3d 1133, 1134 [2006]; *Matter of Churuti v Devane*, 29 AD3d 1139, 1142 [2006]; *People v Wil-*

*liams*, 24 AD3d 894, 895 [2005]; *People v Carabello*, 309 AD2d 1227, 1228 [2003]; *cf. Matter of North v Board of Examiners of Sex Offenders of State of N.Y.*, 8 NY3d 745 [2007]).

Inasmuch as the defendant does not raise any issue with respect to the Supreme Court's risk level designation made in the order entered January 30, 2007, the order appealed from must be affirmed. Fisher, J.P., Florio, Carni and Chambers, JJ., concur.