■ The People of the State of New York, Respondent, v Steven Sposato, Appellant. [913 NYS2d 36]—

Judgment, Supreme Court, Bronx County (Steven Lloyd Barrett, J.), rendered July 9, 2009, convicting defendant, upon his plea of guilty, of attempted disseminating indecent material to minors in the first degree, and sentencing him to a term of five years' probation, unanimously affirmed.

Regardless of the validity of the waiver of the right to appeal, we find no basis for reversal.

To the extent defendant is challenging the sufficiency of his plea allocution, that claim is unpreserved and we decline to review it in the interest of justice; the narrow exception to the preservation rule explained in *People v Lopez* (71 NY2d 662, 665-666 [1988]) does not apply since defendant's factual recitation did not negate any element of the crime or cast significant doubt on his guilt. In any event, the record establishes the voluntariness of the plea.

To the extent defendant is challenging the sufficiency of the evidence that was presented to the grand jury and would have been presented had he gone to trial, such claims are foreclosed by a guilty plea (*People v Taylor*, 65 NY2d 1 [1985]; *People v Thomas*, 53 NY2d 338 [1981]). Defendant's challenge to geographical jurisdiction in Bronx County is likewise foreclosed, as well as being unpreserved for review, and we decline to review it in the interest of justice. As an alternative holding, we find that claim to be without merit because defendant's unlawful Internet communications from his computer in Westchester County to the computer in Bronx County of an undercover detective defendant believed to be a minor are deemed to have occurred in both jurisdictions (*see* CPL 20.40 [1]; 20.60 [1]; Penal Law § 235.22).

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they primarily involve matters outside the record concerning communications between defendant and his attorney (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Ford*, 86 NY2d 397, 404 [1995]; *see also Strickland v Washington*, 466 US 668 [1984]). Concur—Tom, J.P., Friedman, DeGrasse, Freedman and Manzanet-Daniels, JJ.