■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT LIDEN, Appellant. [913 NYS2d 200]—

Order, Supreme Court, New York County (John Cataldo, J.), entered on or about November 4, 2008, which determined that, absent an article 78 proceeding, the Supreme Court did not have jurisdiction to review the determination of the Board of Examiners of Sex Offenders that defendant is required to register as a sex offender on the basis of an out-of-state conviction, and order, same court and Justice, entered on or about January 8, 2009, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The question of whether a person is required to register as a sex offender on the basis of an out-of-state conviction is determined by the Board of Examiners, and is not part of the classification proceeding conducted thereafter by the court; accordingly, a person seeking review of the Board's determination that he or she is obligated to register in the first place is required to bring an article 78 proceeding against the Board. The plain language of Correction Law § 168-k (2) dictates this result, and we agree with the other appellate courts that have reached this conclusion (*see Matter of Mandel*, 293 AD2d 750, 751 [2d Dept 2002], *appeal dismissed* 98 NY2d 727 [2002]; *People v Williams*, 24 AD3d 894, 895 [3d Dept 2005], *lv denied* 6 NY3d 710 [2006]; *People v Carabello*, 309 AD2d 1227, 1228 [4th Dept 2003]). This Court's decision in *People v Millan* (295 AD2d 267 [2002]) is not to the contrary, because the parties to that appeal did not litigate the present issue and we thus had no occasion to reach it (*see e.g. People v Louree*, 8 NY3d 541, 546 n [2007]). Defendant's policy arguments would be more appropriately addressed to the Legislature than to the courts.

Defendant did not preserve his claim that this interpretation of the statute leads to a deprivation of equal protection and due process. Even if we were to conclude that this claim presents the type of legal question that may be raised for the first time on this civil appeal (*see Chateau D' If Corp. v City of New York*, 219 AD2d 205, 209-210 [1996], *lv denied* 88 NY2d 811 [1996]),

we would reject it. There is a rational basis for the Legislature's allocation of the registration determination for in-state offenders to courts and for out-of-state offenders to the Board. New York courts can make the registration determinations for in-state offenders at the time of sentencing (*see People v Hernandez*, 93 NY2d 261 [1999]), but persons convicted in other states generally have no occasion to appear before New York courts in connection with those convictions. Accordingly, the statute is constitutional to the extent that it delegates to the Board the task of identifying and determining which out-of-state offenders have convictions that require them to register in New York, and to the extent it restricts the availability of judicial review of that issue (*see Matter of New York City Dept. of Envtl. Protection v New York City Civ. Serv. Commn.*, 78 NY2d 318, 322 [1991]).

We also reject defendant's challenges to his adjudication as a level three offender. The court properly based the point assessments at issue on reliable hearsay (*see People v Mingo*, 12 NY3d 563, 572-574, 576-577 [2009]). Concur—Andrias, J.P., Saxe, Moskowitz, Acosta and Freedman, JJ.