■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER RONEY, Appellant. [914 NYS2d 434]—

Kavanagh, J. Appeal from an order of the County Court of

Columbia County (Nichols, J.), entered September 1, 2009, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

In December 2000, defendant was arrested after he had exposed himself and masturbated in front of three children outside an elementary school in Arizona. He subsequently pleaded guilty to indecent exposure and was sentenced to lifetime probation with a condition that he receive sex offender counseling. After defendant was found to have violated the terms of probation, he elected to serve one year in jail and forego further probation supervision. At some point thereafter, defendant relocated to Columbia County and, after a hearing, County Court adopted the recommendation of the Board of Examiners of Sex Offenders that he be classified as a risk level three sex offender (*see* Correction Law art 6-C). Defendant now appeals.

Initially, defendant argues that the People failed to show by competent evidence that the Arizona crime for which he stands convicted qualifies as an offense requiring that he register as a sex offender in New York. However, it is for the Board, not County Court, to determine if defendant qualifies as a registered sex offender, and "[a] proceeding pursuant to CPLR article 78 is the only proper vehicle by which to . . . challenge" such an administrative determination (*People v Rendace*, 58 AD3d 821, 821 [2009]). Once the Board determined that defendant was a registered sex offender, County Court is required to determine the risk level classification to be assigned in light of that designation (*see People v Geier*, 56 AD3d 539, 540 [2008]; *People v Pride*, 37 AD3d 957, 958 [2007], *lv denied* 8 NY3d 812 [2007]; *People v Carabello*, 309 AD2d 1227, 1228 [2003]).

As for County Court's finding that he qualifies as a risk level three sex offender, defendant takes issue with its decision to add 30 points to the risk assessment instrument, or 10 points for each child who observed his criminal conduct. Specifically, defendant argues that, since he did not have any physical contact with these three children, they were not victimized by him and should not be counted as such in his risk level assessment. It was not necessary for defendant to have had physical contact with these children for them to have been victimized by this offense. The potential harm to them by being exposed to this conduct is self-evident. Moreover, the fact that defendant intended that these children witness this offense was established by evidence introduced at the hearing that, prior to this incident, defendant had been told by school authorities that he was not permitted on school grounds when children were present (*see* Correction Law § 168-n; *see generally People v Thomas*,

59 AD3d 783, 784 [2009]; *People v McElhearn*, 56 AD3d 978, 979 [2008], *lv denied* 13 NY3d 706 [2009] [predatory nature of disseminating indecent material to two young victims supported risk level three classification]).

Defendant also argues that insufficient evidence was presented at the hearing upon which County Court could assess 10 points on the risk assessment instrument because he was a parole violator. Specifically, defendant contends that the sentencing memorandum from Arizona upon which County Court based this determination did not identify, with any specificity, the "nature" of his probation violation and, absent some evidence establishing how he violated probation, his status as a probation violator should not have been included in his risk level assessment. While no evidence was produced at the hearing as to what led to the determination that defendant had violated the terms of his probation, there is no doubt that his probation in Arizona was revoked because he violated its terms and conditions and, as a result, was incarcerated for the remainder of his sentence. As such, defendant's status as a parole violator was properly included by County Court in its assessment of his risk level classification as a registered sex offender (*see People v Bateman*, 59 AD3d 788, 790 [2009]).

Spain, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.