■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN McGARGHAN, Appellant. [920 NYS2d 329]—

Order, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), entered on or about December 7, 2007, which directed defendant to register as a level one sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C) for 20 years with credit for time already registered, and bringing up for review a prior order, same court and Justice, entered on or about September 5, 2007, which determined that, absent a CPLR article 78 proceeding, the Supreme Court did not have jurisdiction to review the determination of the Board of Examiners of Sex Offenders that defendant is required to register as a sex offender on the basis of an out-of-state conviction, unanimously affirmed, without costs.

The court correctly determined that an article 78 proceeding against the Board of Examiners is the only means by which defendant could have sought review of the Board's determination that his Vermont conviction subjects him to the requirement of registration in New York (*see People v Liden*, 79 AD3d 598 [2010]). This conclusion is consistent with the Court of Appeals decision in *Matter of North v Board of Examiners of Sex Offenders of State of N.Y.* (8 NY3d 745 [2007]), which held that "SORA is not a penal statute and the regulation requirement is not a criminal sentence" (*id.* at 752). Defendant raises several constitutional challenges to Correction Law § 168-a (2) (d) (ii), which subjects a sex offender to registration requirements if he or she was convicted of "a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred." To the extent defendant is claiming it is unconstitutional to require him to register in New York at all, his arguments in that regard are not properly before this Court, because "a person seeking review of the Board's determination that he or she is obligated to register in the first place is required to bring an article 78 proceeding" (*Liden*, 79 AD3d at 598).

Defendant also challenges the length of his required registra-

tion period. He claims it is unconstitutional for New York to require him to register for the 20-year mandatory period for level one offenders such as himself, inasmuch as the State of Vermont, where he formerly resided and where the underlying sex crime occurred, only required him to register for 10 years. He cites the Full Faith and Credit Clause, the Equal Protection Clause, the Privileges and Immunities Clause and the constitutional right to travel. None of these claims has any merit.

"The administrative manner in which a state chooses to exercise the registration requirements for a sex offender who moves into its jurisdiction falls squarely within the power of that state and is not governed by the procedures in effect in the state where the offender previously resided" (*People v Arotin*, 19 AD3d 845, 846-847 [2005]). "The purpose of the Full Faith and Credit Clause is to avoid conflicts between States in adjudicating the same matters" (*Matter of Luna v Dobson*, 97 NY2d 178, 182 [2001]). Accordingly, a different state's registration requirement is not the same matter, and New York is not required to impose varying periods of registration for sex offenders depending on the laws of the states where the offenders previously resided or where the offenses were committed.

Defendant's other constitutional challenges to the length of his registration period are likewise meritless. New York is treating defendant exactly the same way it would treat a lifelong New York resident who committed the same sex crime while visiting Vermont. Finally, we note that the court gave defendant full credit toward the 20-year period for all the time that he had been registered in Vermont, as well as the time in which he had registered in New York while these proceedings were pending. Concur—Mazzarelli, J.P., Sweeny, Renwick, Richter and Manzanet-Daniels, JJ.