■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENDY RHODEHOUSE, Appellant. [930 NYS2d 105]—

Stein, J.

In 1998, defendant pleaded guilty in Florida to solicitation to commit a lewd act and three counts of contributing to the delinquency of a child. After defendant relocated to Schuyler County, the Board of Examiners of Sex Offenders determined that she was required to register in New York pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C) based upon the Florida offenses (*see* Correction Law § 168-a [2] [d] [ii]). The Board prepared a risk assessment instrument that presumptively classified defendant as a risk level one sex offender (35 points). Following a hearing, County Court assessed defendant 75 points and designated her a risk level two sex offender. Defendant now appeals.

We affirm. Defendant contends that County Court erred in determining that her Florida crimes qualify as offenses requiring her to register in New York as a sex offender. While County Court was required to determine defendant's appropriate risk level classification, the initial determination as to whether she was required to register as a sex offender was made by the Board, and not County Court (*see People v Roney*, 80 AD3d 909, 910 [2011]; *People v Rendace*, 58 AD3d 821, 821 [2009]). Accordingly, "[a] proceeding pursuant to CPLR article 78 is the only proper vehicle by which to . . . challenge such an administrative determination" (*People v Roney*, 80 AD3d at 910 [internal quotation marks and citation omitted]; *see People v Geier*, 56 AD3d 539, 540 [2008]).

Defendant also challenges County Court's classification of her as a risk level two sex offender. It is the People's burden to establish defendant's risk level assessment by clear and convincing evidence and County Court may consider reliable hearsay evidence, including sworn statements made by the victims to police (*see People v Miller*, 81 AD3d 1064, 1065 [2011]; *People v Parker*, 62 AD3d 1195, 1196 [2009], *lv denied* 13 NY3d 704 [2009]). Here, the record contains the substance of a sworn statement to police of a 16-year-old victim which indicates that, in early 1995, defendant and defendant's boyfriend invited her over to their home and defendant encouraged her to drink alcoholic beverages that defendant had prepared. The victim initially fell asleep and was awakened and told to get into bed with defendant and her boyfriend. After the victim got into bed, she again fell asleep and then awoke to find defendant's boyfriend having sexual intercourse with her, with defendant helping to position the victim. The record also contains the

substance of a sworn statement to police of an 11-year-old victim. According to this victim, defendant asked her if she would like to spend the night at defendant's home sometime in September or October 1995. Defendant admitted to police that she then provided both alcoholic beverages and the drug Rohypnol, which is also known as a date rape drug. She also admitted that photographs were taken of the 11-year-old victim in a low-cut shirt pushing her breasts together. The victim eventually passed out and awoke to find herself in bed with defendant's boyfriend, who was rubbing her breasts and inserting his finger in her vagina.

Defendant contends that inasmuch as she did not have sexual contact with the second victim, County Court erred in assessing her 20 points under risk factor three for having two victims. We disagree. Traditional principles of accessorial liability apply when calculating a sex offender's presumptive risk level (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 7 [2006]). There is evidence that defendant had provided alcoholic beverages to the first victim causing the victim to become unconscious and then helped facilitate her boyfriend having sexual intercourse with the victim. Inasmuch as defendant admitted to providing alcohol and a date rape drug to the second victim, causing the victim to pass out prior to defendant's boyfriend having sexual contact with her, we find that accessorial liability for the sexual offenses committed against the second victim may be imposed on defendant for the purposes of determining her risk level classification (*see* Penal Law § 20.00; *see generally People v Sabatino*, 41 AD3d 871, 872 [2007], *lv denied* 9 NY3d 964 [2007]; *People v Evans*, 58 AD2d 919 [1977]). Accordingly, there is clear and convincing evidence supporting County Court's finding of two victims here (*see People v Roberts*, 38 AD3d 1151, 1152 [2007], *lv denied* 9 NY3d 801 [2007]).

We also reject defendant's claim that County Court's assessment of points, under both risk factor five for the age of the victim and risk factor six for a physically helpless victim, resulted in an improper double-counting. Points may be properly assigned under both categories where a child victim is, as here, asleep at the beginning of the sexual offense (*see People v Ramirez*, 53 AD3d 990, 990-991 [2008], *lv denied* 11 NY3d 710 [2008]; *People v Davis*, 51 AD3d 442 [2008], *lv denied* 11 NY3d 703 [2008]).

The parties' remaining contentions, to the extent they are properly before us, have been considered and are unavailing.

Peters, J.P., Spain, Lahtinen and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.