Appeal by the defendant from an order of the Supreme Court, Kings County (Reichbach, J.), dated December 22, 2010, which, after a hearing, designated him a level one sex offender pursuant to Correction Law article 6-C.
Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
The defendant was convicted in Alabama of two counts of attempted enticement of a child (see Ala Code § 13A-6-69), a misdemeanor (see Ala Code § 13A-4-2 [d] [4]). In connection with the defendant’s relocation to New York, the Board of Examiners of Sex Offenders (hereinafter the Board) determined that the defendant was required to register under the Sex Offender Registration Act (hereinafter SORA), and made a recommendation as to the appropriate risk level (see Correction Law § 168-k [2]). In the context of the court proceeding, under SORA, to determine the defendant’s risk level (see Correction Law § 168-k [2]), the defendant challenged the Board’s determination that he was subject to SORA based upon his out-of-state conviction. The Supreme Court determined that such a challenge was not properly before it, as that contention had to be asserted in a CPLR article 78 proceeding.
*849 While the Supreme Court’s determination, at the time it was made, was supported by case law from this Court (see e.g. People v Teagle, 64 AD3d 549 [2009]; People v Rendace, 58 AD3d 821 [2009]), the Court of Appeals has since held that “[a] determination Toy the Board of Examiners of Sex Offenders that a person who committed an offense in another state must register in New York is reviewable in a proceeding to determine the offender’s risk level” (People v Liden, 19 NY3d 271, 273 [2012]). Accordingly, as both parties request, we remit the matter to the Supreme Court, Kings County, for further proceedings to review the Board’s determination that the defendant was required to register as a sex offender under SORA. Mastro, J.R, Skelos, Florio and Dickerson, JJ., concur.