██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODOLFO HOYOS-SANCHEZ, Appellant. [48 NYS3d 138]—

Order, Supreme Court, New York County (Juan M. Merchan, J.), entered on or about January 15, 2014, which adjudicated defendant a level one sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Pursuant to Correction Law § 168-a (2) (d) (ii), defendant, a New York resident, is required to register as a sex offender

based upon his Connecticut conviction for a felony requiring such registration in that state, notwithstanding that the Connecticut felony is not equivalent to any New York felony. We reject defendant's equal protection argument, because he is being treated the same as a similarly situated Connecticut resident who was convicted of the same crime in that state and subsequently moved to New York (*see People v McGarghan*, 18 Misc 3d 811 [Sup Ct, NY County 2007], *affd* 83 AD3d 422 [1st Dept 2011]). Furthermore, the fact that defendant was physically in New York when he committed the underlying crime against a child, located in Connecticut, by electronic means, does not warrant a different conclusion. The underlying acts are deemed to have occurred in both jurisdictions (*see* CPL 20.60 [1]; *People v Sposato*, 79 AD3d 420, 421 [1st Dept 2010]).

Defendant also argues that his Connecticut conviction was for a crime that is comparable to endangering the welfare of a child (Penal Law § 260.10), and that the legislature has not chosen to make that crime a registrable offense. However, the legislature has also chosen to make some out-of-state felonies registrable based solely on how they are treated in the foreign jurisdictions, with no equivalency requirement. Defendant has not shown that there is anything unconstitutional about this legislative choice.

We have considered and rejected defendant's remaining arguments. Concur—Andrias, J.P., Feinman, Gische and Gesmer, JJ.