People v Suttle (2022 NY Slip Op 05618)

People v Suttle

2022 NY Slip Op 05618

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, Pitt, JJ. 

Ind No. 30092/14 Appeal No. 16340&M-3329 Case No. 2016-1219 

[*1]The People of the State of New York, Respondent,
v
Robert Suttle, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Lorca Morello of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Kerry Fulham of counsel), for respondent.

Order, Supreme Court, New York County (Arlene D. Goldberg, J.), entered on or about January 28, 2015, which adjudicated defendant a level one sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court correctly determined that defendant is required to register as a sex offender. Once defendant moved to New York State, he was "required to register as a sex offender based on a [Louisiana] conviction for a felony requiring such registration in that state, notwithstanding that the [Louisiana] felony is not equivalent to any New York felony" (People v Hoyos-Sanchez, 147 AD3d 701, 701-02 [1st Dept 2017], lv denied 29 NY3d 912 [2017]; see Correction Law § 168-a[2][d][ii]).
In 2009, defendant was convicted of a Louisiana felony involving "intentional exposure to the AIDS virus," and was required to register as a sex offender in Louisiana. Defendant correctly points out that his conviction only established that he knowingly failed to disclose his HIV status to his sexual partner before being intimate, and that such conduct is not illegal in New York. Defendant argues that the legislature could not have intended the registration requirement involving out-of-state convictions to apply to convictions for conduct the same legislature has chosen not to criminalize. However, Correction Law § 168-a (2)(d)(ii) has precisely that effect in some instances, because "the legislature has also chosen to make some out-of-state felonies registrable based solely on how they are treated in the foreign jurisdictions" (Hoyos-Sanchez, 147 AD3d at 702).
To the extent that a foreign sex offender registration could potentially "conflict with New York's due process guarantees or public policy" (People v Diaz, 32 NY3d 538, 542 [2018]), we find no such conflict here. While New York generally provides strong protections for the confidentiality of a person's HIV status, this confidentiality does not apply absolutely in all situations (see e.g. CPL 390.15 [HIV testing and disclosure in certain cases]). Defendant has not established that his sex offender adjudication based on the Louisiana conviction at issue, or any disclosure of his HIV status incident to that registration, is contrary to Public Health Law § 2785 or any other New York statute.
We also reject defendant's claim that his registration requirement violates his right to substantive due process. Assuming, without deciding, that HIV-positive persons have a right to privacy or confidentiality as to that condition, and that intermediate scrutiny should be applied to a claim that such right has been violated (see Doe v City of New York, 15 F3d 264, 269-270 [2d Cir 1994]), we find no such violation. The requirement that defendant register as a sex offender in New York, based on his conviction of violating a Louisiana statute proscribing the intentional exposure of another person to a possible risk of contracting HIV without affording that person the opportunity [*2]to give informed consent, is substantially related to important government objectives. These include preventing sexual activity from occurring without the participants' informed consent, and preventing a sex offender from evading registration requirements through the expedient of moving to a state with laws that would not have been violated if the same conduct had occurred there.
In light of the foregoing, we do not consider the People's alternative argument that defendant, by way of his public statements about this case, has waived any right of confidentiality in his HIV status. M-3329 — The People of the State of New York v Robert Suttle
Motion to amend the caption denied. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022