People v Leslie (2024 NY Slip Op 04360)

People v Leslie

2024 NY Slip Op 04360

Decided on September 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 05, 2024

Before: Webber, J.P., Singh, Moulton, Kapnick, Scarpulla, JJ. 

Ind. No. 99051/15 Appeal No. 1131 Case No. 2019-1672 

[*1]The People of the State of New York, Respondent,
v
Richard Leslie, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Robin Richardson of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Larry Glasser of counsel), for respondent.

Order, Supreme Court, Bronx County (Efrain Alvarado, J.), entered on or about July 7, 2016, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
During his SORA hearing, defendant requested that his registration as a sex offender in New York be ordered to commence nunc pro tunc to the date of his sex offender registration in Florida. The court, however, did not address defendant's request in its written decision, and defendant did not alert the court that his application remained unresolved. Accordingly, defendant's claim is unpreserved and abandoned (see People v Williams, 215 AD3d 431 [1st Dept 2023]; People v Holmes, 202 AD3d 519, 520 [1st Dept 2022], lv denied 38 NY3d 1008 [2022]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (see People v Corr, _ NY3d _, 2024 NY Slip Op 03379 [2024]). Defendant's further contentions that the court's failure to grant his request violated the Equal Protection Clause and the Full Faith and Credit Clause are likewise unpreserved and, in any event, unavailing (see People v Hoyos-Sanchez, 147 AD3d 701, 702 [1st Dept 2017], lv denied 29 NY3d 912 [2017]; People v McGarghan, 83 AD3d 422, 423 [1st Dept 2011]).
The court providently exercised its discretion in declining to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant's acceptance of responsibility had been adequately accounted for by the risk assessment instrument, which scored defendant zero points under this factor. Defendant contends that the risk assessment instrument overassessed his risk because the victim's inability to consent was solely due to her age, and because there was only a five-year age difference between him and the victim at the time of the offense. We find that there was no overassessment, given the nature of the underlying crime, in which defendant knowingly engaged in a sexual relationship with the underage victim and impregnated her, while lying about his age to the victim and telling her to lie about hers (see People v Silva, 212 AD3d 483 [1st Dept 2023]; People v Cathy, 134 AD3d 1579, 1580 [4th Dept 2015]). Further, the underlying offense, along with defendant's prior crimes, which included repeated sexual
intercourse with a 13-year-old girl, indicated a significant risk of recidivism, which was not outweighed by any mitigating factors (see People v Rosario, 216 AD3d 601 [1st Dept 2023]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 5, 2024