People v Heinlein (2025 NY Slip Op 00240)

People v Heinlein

2025 NY Slip Op 00240

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2019-06644

[*1]The People of the State of New York, respondent,
v
Anthony Heinlein, appellant. Thomas J. Butler, Melville, NY, for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Grazia DiVincenzo and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated May 9, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in Florida, upon his plea of guilty, of three counts of soliciting a child via computer (Fla Stat § 847.0135[3]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court assessed the defendant 100 points on the risk assessment instrument, denied the defendant's application for a downward departure from the presumptive risk level, and designated him a level two sex offender. The defendant appeals.
"A defendant seeking a downward departure from a presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Umanzor, 189 AD3d 1479, 1480, quoting People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Brocato, 188 AD3d 728, 728-729; see People v Gillotti, 23 NY3d at 861).
Here, the defendant failed to identify any appropriate mitigating factor that would tend to establish a lower likelihood of reoffense or danger to the community (see People v Gil, 194 AD3d 862, 863). Accordingly, the County Court properly denied the defendant's application for a downward departure and designated the defendant a level two sex offender.
The defendant's contention that he was not required to register as a sex offender in New York based upon his Florida convictions is unpreserved for appellate review (see People v Williams, 24 AD3d 894). In any event, the defendant's contention is without merit, as he was [*2]required to register as a sex offender in Florida based upon those convictions (see People v Suttle, 209 AD3d 451, 451-452; Correction Law § 168-a[2][d][ii], [3][b]; Fla Stat § 775.21[4][a][1][b]).
IANNACCI, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court