People v Williams (2025 NY Slip Op 02729)

People v Williams

2025 NY Slip Op 02729

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Scarpulla, Mendez, Rodriguez, Pitt-Burke, JJ. 

Ind No. 73044/16|Appeal No. 4288|Case No. 2024-03309|

[*1]The People of the State of New York, Respondent,
v
Dawayne T. Williams, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jane Merrill of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Conor E. Byrnes of counsel), for respondent.

Order of the Appellate Term of the Supreme Court, First Department, entered on March 19, 2024, which affirmed an order of the Criminal Court of the City of New York, New York County (Kathryn S. Paek, J.), entered on or about August 3, 2017, adjudicating defendant a level three predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6—C), unanimously affirmed, without costs.
As the Appellate Term concluded, the hearing court properly applied the presumptive override for a prior felony sex crime conviction. Defendant's felony conviction in Nebraska for sexual assault on a child in the third degree in 2008 and his consequent registration as a sexual offender in that state automatically resulted in an override to risk level three (see Correction Law § 168-a[2][d][ii]; People v Kennedy, 7 NY3d 87, 91 [2006]; People v Hoyos-Sanchez, 147 AD3d 701, 702 [1st Dept 2017], lv denied 29 NY3d 912 [2017]; People v Porrata, 62 Misc 3d 138[A], 2019 NY Slip Op 50033[U] [App Term, 1st Dept 2019]).
Furthermore, the hearing court providently exercised its discretion when it declined to grant a downward departure (see generally People v Gillotti, 23 NY3d 841, 861 [2014]). The risk assessment instrument adequately took into account mitigating factors cited by defendant. Even considering such mitigating factors, including the fact that the instant sex offense in New York was a misdemeanor, defendant's criminal history, which includes the sex felony conviction in Nebraska and failures to comply with registration requirements, supports the court's determination (see People v Dworkowitz, 170 AD3d 512, 513 [1st Dept 2019], lv denied 33 NY3d 910 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025